# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD S. McLARNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 14-13233-FDS |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee for HarborView ) | |
| Mortgage Loan Trust Mortgage Loan Pass- ) | |
| Through Certificates, Series 2007-5; ) | |
| ABLITT/SCOFIELD; ABLITT LAW ) | |
| GROUP; CONNOLLY, GEANY, ABLITT & ) | |
| WILLARD; AMANDA CALIFANO; ) | |
| CHRISTINE BENWAY; MARINOSCI ) | |
| LAW GROUP; BRIAN KISER; HINSHAW ) | |
| & CULBERTSON; GREGORY ) | |
| BOMBARD; MAURA MCKELVEY; ) | |
| BRADFORD R. CARVER; VALERIE ) | |
| DOBLE; JUSTIN M. FABELLA; and ) | |
| OCWEN FINANCIAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON
## MOTION FOR RECUSAL

**SAYLOR, J.**

This is a motion for recusal under 28 U.S.C. § 455. Plaintiff contends that recusal is appropriate due to a "destructive and unconscionable . . . level of judicial fraud and corruption." (Mot. for Recusal at 2-3). He further contends that the Court "has an impermissible financial interest . . . in the outcome of the litigation." (Mot. for Recusal at 3).

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." The motion for recusal provides no evidence, beyond conclusory assertions, of bias on the Court's part. Section 455(b) sets forth specific situations in which a judge must disqualify himself, including where he "has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C § 455(b)(4). Contrary to plaintiff's unsupported assertions, the Court has no such interest in this matter or in any of the parties. Accordingly, the motion for recusal is denied.

**So Ordered.**

Dated: October 3, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge