UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD S. McLARNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 14-13233-FDS |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee for HarborView ) | |
| Mortgage Loan Trust Mortgage Loan Pass- ) | |
| Through Certificates, Series 2007-5; ) | |
| ABLITT/SCOFIELD; ABLITT LAW ) | |
| GROUP; CONNOLLY, GEANY, ABLITT ) | |
| & WILLARD; AMANDA CALIFANO; ) | |
| CHRISTINE BENWAY; MARINOSCI ) | |
| LAW GROUP; BRIAN KISER; HINSHAW ) | |
| & CULBERTSON; GREGORY ) | |
| BOMBARD; MAURA MCKELVEY; ) | |
| BRADFORD R. CARVER; VALERIE ) | |
| DOBLE; JUSTIN M. FABELLA; and ) | |
| OCWEN FINANCIAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
MOTIONS TO DISMISS**

**SAYLOR, J.**

This action arises from a mortgage foreclosure. Plaintiff Edward S. McLarnon, acting *pro se*, contends that defendants violated his constitutional rights and various federal statutes.

The twenty-page complaint is rambling and difficult to follow. It appears to allege that Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5 ("Deutsche Bank"), Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc. ("MERS"), and their attorneys wrongfully foreclosed on his home and evicted him. More specifically, the complaint contends

that the foreclosure was based on a fraudulent mortgage assignment, that Deutsche Bank lacked standing to foreclose, that plaintiff was treated unfairly during the foreclosure process, that he has a disability, and that defendants engaged in a conspiracy. The complaint alleges counts under 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"); and Mass. Gen. Laws ch. 231 § 59H (the "SLAPP" statute). The complaint seeks compensatory damages, declaratory relief, and injunctive relief.

Defendants Deutsche Bank, Ocwen, MERS, Hinshaw & Culbertson LLP, Marinosci Law Group, Gregory Bombard, Maura McKelvey, Bradford R. Carver, Valerie Doble, Justin Fabella, Brian Kiser, and Christine Benway have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motions will be granted.

**I.      Background**

The following facts are presented as stated in the complaint and in documents that are uncontested or referred to in the complaint.

In 2007, McLarnon obtained a loan on a property in Malden, Massachusetts, and granted a mortgage on that property to MERS. On August 1, 2008, McLarnon defaulted under the terms of the mortgage. On May 14, 2009, MERS assigned the mortgage to Deutsche Bank. On January 25, 2011, Deutsche Bank exercised the statutory power of sale in the mortgage and foreclosed on the property. It recorded a foreclosure deed on October 19, 2012, which granted the bank title to the property. Ocwen Loan Servicing LLC was the loan servicer for Deutsche Bank with respect to McLarnon's mortgage and property.

On February 19, 2013, Deutsche Bank served McLarnon with a notice to quit the property. On March 4, 2013, after McLarnon did not leave, the bank initiated an eviction

proceeding by summary process in the Malden District Court. Following a bench trial on August 22, 2013, the Malden District Court entered a judgment of possession in favor of Deutsche Bank and awarded it damages of $10,500. McLarnon filed various motions for reconsideration and post-judgment relief, all of which the court denied. On April 14, 2014, the court issued an execution in favor of Deutsche Bank. McLarnon then filed an unsuccessful motion to stay in Middlesex Superior Court. On May 16, 2014, McLarnon was evicted.

Meanwhile, on November 7, 2013, McLarnon filed an action *pro se* in this Court against Deutsche Bank and its lawyers; the Malden District Court; the Middlesex Superior Court; Justices Inge, Tuttman, Johnson, and Yee; court clerks Burns, Jane Doe, and John Does 1 through 3; and the Commonwealth of Massachusetts. The complaint alleged that Deutsche Bank, its employees, and its attorneys wrongfully foreclosed on his home and evicted him; that during the foreclosure and eviction proceedings, the judges and court staff did not allow him to present evidence, file motions, or make a statement on the record; and that the Commonwealth is liable for the actions of the judges and court staff.

Defendants moved to dismiss the complaint, and this Court granted that motion on February 25, 2014. McLarnon filed various motions, including for reconsideration, which were denied. On May 12, 2014, he filed a notice of appeal to the First Circuit. That appeal remains pending.

Attorneys Gregory Bombard, Maura McKelvey, and Justin Fabella of the law firm Hinshaw & Culbertson LLP represented Deutsche Bank in the legal proceedings. Bradford R. Carver and Valerie Doble are also attorneys at that firm. The present complaint, however, contains no specific allegations of wrongdoing by either and, according to defendants, neither had any connection with the case.

On July 7, 2014, McLarnon filed the present action *pro se* in Middlesex Superior Court.

On August 12, 2014, defendants Deutsche Bank; Ocwen, Hinshaw & Culbertson; Doble; Fabella; and McKelvey filed a motion to dismiss. On August 20, 2014, MERS joined that motion.

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## III.    Analysis

### A.    Claim Preclusion

Defendants contend that the prior judgments in state court and federal court prevent

4

plaintiff from relitigating his claims under the doctrine of claim preclusion, also known as *res judicata*.

"Under Massachusetts principles of claim preclusion, a final judgment in one action generally precludes the plaintiff from bringing another action against the same defendant if the second action arises out of the same transaction or occurrence as the prior action." *Hermes Automation Technology, Inc. v. Hyundai Electronics Industr.*, 915 F.2d 739, 750 (1st Cir. 1990). "Once there has been an adjudication on the merits, federal law stipulates that all claims which are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164-65 (1st Cir. 1991). The preclusive effect of a state-court judgment is governed by state law, and the preclusive effect of a federal-court judgment is governed by federal law. *See Cohen v. Shea*, 788 F. Supp. 66 (D. Mass. 1992). However, the conditions for application of the doctrine are essentially the same. There must be "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *In re Iannochino*, 242 F.3d 36, 43 (1st Cir. 2001) (quoting *Mass. Sch. of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998)); *see Kobrin v. Bd. of Registration in Med.*, 444 Mass. 837, 843 (2005).

First, the judgment of the Malden District Court was a complete adjudication of Deutsche Bank's claim for possession and clearly is a final judgment on the merits. Moreover, "dismissal for failure to state a claim is a judgment on the merits." *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99-100 (D. Mass. 2001) (quoting 2 James Wm. Moore, Moore's Federal Practice, § 12.34[6][a] (3d ed.1997)); *see AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005). Only if the decision expressly grants a plaintiff the right to bring a second action will the preclusive effect not apply. *Andrews-Clarke*, 157 F. Supp. 2d at 100. The dismissal of

plaintiff's prior federal suit therefore also satisfies the first requirement for claim preclusion.

Second, to determine whether the causes of action are sufficiently identical, both Massachusetts courts and federal courts apply a transactional approach. *Iannochino*, 242 F.3d at 46; *see Anderson v. Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982) (holding that claim preclusion bars "relitigation of issues that were or could have been raised in the original action"); *Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee*, 75 Mass. App. Ct. 27, 34 (2009). Thus, a claim that "grows out of the same transaction or set of related transactions as the previously decided claim" is treated as preclusive, even if there are slight changes to the claims or newly asserted legal theories. *AVX Corp.*, 424 F.3d at 31; *see Andrews-Clarke*, 157 F. Supp. 2d at 102. Here, plaintiff's claims again relate to foreclosure and eviction proceedings at the Malden property and the complaint seeks redress for "essentially the same basic wrong" in both suits. *Kale*, 924 F.2d at 1166. Accordingly, the second requirement is met.

Third, plaintiff has been a party to each state and federal case, as either a plaintiff or a defendant. Deutsche Bank has likewise been a party, and the remaining movants are in privity with Deutsche Bank. *See Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 757, 760 (1st Cir. 1994); *Rhode Island Hosp. Trust Nat. Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 82 (1st Cir. 1986) (applying claim preclusion against assignee of party to prior action because "[a]n assignee is usually considered in privity with the assignor"); *see generally* 18-131 *Moore's Federal Practice*, § 131.40 (Matthew Bender 3d ed.) (discussing the scope of privity and qualifying relationships in the context of claim preclusion). Those in privity with a party are afforded the preclusive benefit of a judgment. Deutsche Bank, MERS, Ocwen, and their lawyers all satisfy the third requirement for claim preclusion.

Accordingly, the motion to dismiss will be granted on the ground of claim preclusion.

**B.     The Merits of the Claim**

Defendants also contend, in the alternative, that plaintiff's claims fail on the merits.

The complaint asserts a claim for RICO violations. RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962," where a "person" engaged in "a pattern of racketeering activity." 18 U.S.C. §§ 1962, 1964(c). A "pattern of racketeering" is composed of at least two predicate acts, defined as crimes specified in the RICO statute. *See Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 846 (1st Cir. 1990). The complaint here fails to identify two or more predicate acts and, even reading the *pro se* complaint liberally, does not plausibly state a claim for relief.

The complaint also asserts a claim under 42 U.S.C. § 1983 for violation of the Americans with Disabilities Act. Section 1983 "creates a private right of action for redressing abridgements or deprivations of federal constitutional rights." *McIntosh v. Antonino*, 71 F.2d 29, 33 (1st Cir. 1995). "A claim under § 1983 has two 'essential elements': the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008). First, there is no evidence that defendants acted under color of state law. Only in limited circumstances, where their actions are "fairly attributable to the State," are private entities found to be state actors liable under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). None of defendants' alleged actions here meets that standard. Second, the complaint fails to state a claim for or substantiate any violation of the ADA. Among other defects, the complaint does not specify which section of the statute defendants allegedly breached and does not state how any defendant qualifies as a public entity or provider of public accommodations or services. Accordingly, the § 1983 and ADA claims will be dismissed.

As for the claim under the SLAPP statute, that statute provides that a party may bring a "special motion to dismiss" where the claims against him are based on the exercise of the right to

petition under the federal or state constitution. Mass. Gen. Laws ch. 231, § 59H. The statute is inapplicable here, where the right to petition is not at issue. In any event, the statute does not appear to create an independent cause of action. Accordingly, the claim brought under the SLAPP statute will be dismissed.

## IV.     Conclusion

For the foregoing reasons, the motions to dismiss will be granted.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Date: October 17, 2014 | United States District Judge |